FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 15, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CODY C.,[1] | No. 4:20-cv-05074-MKD |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | ECF Nos. 17, 18 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 17, 18. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

1  is fully informed.  For the reasons discussed below, the Court denies Plaintiff's

2  motion, ECF No. 17, and grants Defendant's motion, ECF No. 18.

3                              **JURISDICTION**

4         The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

5  1383(c)(3).

6                         **STANDARD OF REVIEW**

7         A district court's review of a final decision of the Commissioner of Social

8  Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

9  limited; the Commissioner's decision will be disturbed "only if it is not supported

10 by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

11 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

12 reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159

13 (quotation and citation omitted).  Stated differently, substantial evidence equates to

14 "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

15 citation omitted).  In determining whether the standard has been satisfied, a

16 reviewing court must consider the entire record as a whole rather than searching

17 for supporting evidence in isolation.  *Id.*

18        In reviewing a denial of benefits, a district court may not substitute its

19 judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

20 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

ORDER - 2

1  rational interpretation, [the court] must uphold the ALJ's findings if they are

2  supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

3  F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

4  ALJ's decision on account of an error that is harmless." *Id.* An error is harmless

5  "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

6  *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's

7  decision generally bears the burden of establishing that it was harmed. *Shinseki v.*

8  *Sanders*, 556 U.S. 396, 409-10 (2009).

9                  **FIVE-STEP EVALUATION PROCESS**

10      A claimant must satisfy two conditions to be considered "disabled" within

11  the meaning of the Social Security Act. First, the claimant must be "unable to

12  engage in any substantial gainful activity by reason of any medically determinable

13  physical or mental impairment which can be expected to result in death or which

14  has lasted or can be expected to last for a continuous period of not less than twelve

15  months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's

16  impairment must be "of such severity that he is not only unable to do his previous

17  work[,] but cannot, considering his age, education, and work experience, engage in

18  any other kind of substantial gainful work which exists in the national economy."

19  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

20

ORDER - 3

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more

ORDER - 4

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

ORDER - 5

education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

work, analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that 1) the claimant is

capable of performing other work; and 2) such work "exists in significant numbers

in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.*

*Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**ALJ'S FINDINGS**

On June 15, 2017, Plaintiff applied for Title II disability insurance benefits

and on August 14, 2017, Plaintiff applied for Title XVI supplemental security

income benefits, alleging a disability onset date of October 1, 2015 for both

applications.[2]  Tr. 15, 103, 221-24, 226-35.  The applications were denied initially

---

[2] Plaintiff previously applied for Title XVI benefits, which was denied by an ALJ

on June 11, 2010.  Tr. 72.  Plaintiff again applied for benefits, which resulted in a

ORDER - 6

1  and on reconsideration.  Tr. 149-55, 156-62.  Plaintiff appeared before an

2  administrative law judge (ALJ) on January 11, 2019.  Tr. 44-68.  On February 14,

3  2019, the ALJ denied Plaintiff's claim.  Tr. 12-30.

4      At step one of the sequential evaluation process, the ALJ found Plaintiff,

5  who met the insured status requirements through September 30, 2017, has not

6  engaged in substantial gainful activity since October 1, 2015.  Tr. 17-18.  At step

7  two, the ALJ found that Plaintiff has the following severe impairments: personality

8  disorder, schizoaffective disorder, substance addiction, and anxiety.  Tr. 18.

9      At step three, the ALJ found Plaintiff does not have an impairment or

10  combination of impairments that meets or medically equals the severity of a listed

11  impairment.  *Id.*  The ALJ then concluded that Plaintiff has the RFC to perform the

12  full range of work at all exertional levels but with the following nonexertional

13  limitations:

14      [Plaintiff] can perform simple, routine, repetitive tasks with no contact
       with the general public and brief and superficial interaction with co-
15      workers or supervisors.

16  _____

17  denial from an ALJ on April 26, 2013.  Tr. 92.  Plaintiff appealed the denial, which

18  resulted in a remand from the Appeals Council; Plaintiff's claim was again denied

19  by the ALJ on September 9, 2015.  Tr. 69-96.  The claim was denied by the

20  Appeals Council, and Plaintiff did not pursue the claim further.  Tr. 97-101.

ORDER - 7

1  Tr. 19.

2       At step four, the ALJ found Plaintiff has no past relevant work.  Tr. 24.  At

3  step five, the ALJ found that, considering Plaintiff's age, education, work

4  experience, RFC, and testimony from the vocational expert, there were jobs that

5  existed in significant numbers in the national economy that Plaintiff could perform,

6  such as food sorter, tagger, and small parts assembler.  Tr. 25.  Therefore, the ALJ

7  concluded Plaintiff was not under a disability, as defined in the Social Security

8  Act, from the alleged onset date of October 1, 2015, through the date of the

9  decision.  Tr. 26.

10       On March 11, 2020, the Appeals Council denied review of the ALJ's

11  decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for

12  purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

13                                          **ISSUES**

14       Plaintiff seeks judicial review of the Commissioner's final decision denying

15  him disability insurance benefits under Title II and supplemental security income

16  benefits under Title XVI of the Social Security Act.  Plaintiff raises the following

17  issues for review:

18       1.  Whether the ALJ properly evaluated the medical opinion evidence; and

19       2.  Whether the ALJ properly evaluated Plaintiff's symptom claims.

20  ECF No. 17 at 2.

ORDER - 8

1

**DISCUSSION**

2    **A. Medical Opinion Evidence**

3        Plaintiff contends the ALJ erred in his consideration of the opinions of

4    Eugene Kester, M.D.; Sharon Underwood, Ph.D.; Cheri Dowse, M.S., O.P.T.; Eric

5    Aronsohn, PA-C; and Thomas Genthe, Ph.D.  ECF No. 17 at 6-16.

6        As an initial matter, for claims filed on or after March 27, 2017, new

7    regulations apply that change the framework for how an ALJ must evaluate

8    medical opinion evidence.  *Revisions to Rules Regarding the Evaluation of*

9    *Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20

10   C.F.R. §§ 404.1520c, 416.920c.  The new regulations provide that the ALJ will no

11   longer "give any specific evidentiary weight…to any medical

12   opinion(s)…"  *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-

13   68; *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, an ALJ must consider

14   and evaluate the persuasiveness of all medical opinions or prior administrative

15   medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a) and (b),

16   416.920c(a) and (b).  The factors for evaluating the persuasiveness of medical

17   opinions and prior administrative medical findings include supportability,

18   consistency, relationship with the claimant (including length of the treatment,

19   frequency of examinations, purpose of the treatment, extent of the treatment, and

20   the existence of an examination), specialization, and "other factors that tend to

support or contradict a medical opinion or prior administrative medical finding"

(including, but not limited to, "evidence showing a medical source has familiarity

with the other evidence in the claim or an understanding of our disability

program's policies and evidentiary requirements").  20 C.F.R. §§ 404.1520c(c)(1)-

(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore

the ALJ is required to explain how both factors were considered.  20 C.F.R. §§

404.1520c(b)(2), 416.920c(b)(2).  Supportability and consistency are explained in

the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence
> and supporting explanations presented by a medical source are to
> support his or her medical opinion(s) or prior administrative medical
> finding(s), the more persuasive the medical opinions or prior
> administrative medical finding(s) will be.

> (2) *Consistency.* The more consistent a medical opinion(s) or prior
> administrative medical finding(s) is with the evidence from other
> medical sources and nonmedical sources in the claim, the more
> persuasive the medical opinion(s) or prior administrative medical
> finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).  The ALJ may, but is not

required to, explain how the other factors were considered.  20 C.F.R. §§

ORDER - 10

404.1520c(b)(2), 416.920c(b)(2).[3]  However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

"Only physicians and certain other qualified specialists are considered '[a]cceptable medical sources.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (alteration in original); *see* 20 C.F.R. §§ 404.1502, 416.902.  However, an ALJ is required to consider evidence from non-acceptable medical sources, such as therapists.  20 C.F.R. §§ 404.1502c, 416.920c.

_____

[3] The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations.  ECF No. 17 at 7-16; ECF No. 18 at 5-12; ECF No. 19 at 5-7.  Plaintiff cites to past cases, including *Garrison,* in support of his arguments, ECF No. 17 at 9, 13, while Defendant argues the case law developed under the old regulatory scheme is not applicable to the current case, ECF No. 18 at 7.  The Court finds resolution of this question unnecessary to the disposition of this case.

ORDER - 11

1      *1.  Dr. Kester and Dr. Underwood*

2          On August 13, 2017, Dr. Kester, a State agency psychological consultant,

3   found Plaintiff has a schizophrenia spectrum/other psychotic disorder, an

4   anxiety/obsessive-compulsive disorder, a personality/impulse-control disorder, and

5   a neurodevelopmental disorder.  Tr. 110-11.  Dr. Kester opined Plaintiff has

6   moderate limitations in understanding and remembering detailed instructions,

7   completing a normal workday/workweek without interruptions from

8   psychologically-based symptoms and performing work at a consistent pace without

9   an unreasonable number and length of periods, interacting appropriately with the

10  general public, accepting instructions and responding appropriately to criticism

11  from supervisors, getting along with coworkers/peers without distracting them or

12  exhibiting behavioral extremes, maintaining socially appropriate behavior and

13  adhering to basic standards of neatness and cleanliness, and setting realistic goals

14  or making plans independently of others.  Tr. 113-14.  Dr. Kester further opined

15  Plaintiff would be capable of doing "at least" well-learned simple routine tasks,

16  and Plaintiff would be capable of persisting at work that he finds interesting though

17  he may need occasional redirection and reminders, he is capable of maintaining

18  good hygiene but needs reminders because he is not interested in doing so, and he

19  is capable of being cooperative and engaged but may lack motivation for things

20  that persons in positions of authority request because of his poor motivation, short

ORDER - 12

1    fuse, issues of entitlement, and anger, and he would likely benefit from some help

2    with both short-term and longer term goals and plans.  *Id.*  Dr. Kester opined

3    Plaintiff was not significantly limited in the other areas of functioning.  *Id.*  On

4    October 16, 2017, Dr. Underwood, a State agency psychological consultant,

5    rendered the same assessment as Dr. Kester.  Tr. 127-29.  The ALJ found Dr.

6    Kester and Dr. Underwood's opinions were partially persuasive.  Tr. 23.  As State

7    agency consultants, Dr. Kester and Dr. Underwood's opinions are now considered

8    prior administrative medical findings, 20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5),

9    however, the ALJ was required to consider Dr. Kester and Dr. Underwood's

10   opinions under the same rules that apply to medical opinions, 20 C.F.R. §§

11   404.1513a(b)(1), 416.913a(b)(1).

12        First, the ALJ found Dr. Kester and Dr. Underwood's opinion that Plaintiff

13   may need occasional redirection and reminders was vague, and the term

14   "occasional" was used colloquially and not as defined by the regulations.  *Id.*

15   Supportability is one of the most important factors an ALJ must consider when

16   determining how persuasive a medical opinion is.  20 C.F.R. §§ 404.1520c(b)(2),

17   416.920c(b)(2).  The more relevant objective evidence and supporting explanations

18   that support a medical opinion, the more persuasive the medical opinion is.  20

19   C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  Plaintiff argued the opinion was

20   disabling, because "occasional" means Plaintiff would need redirection one-third

ORDER - 13

of the time, *id.,* however the term is defined as "occurring from very little up to one-third of the time." SSR 96-9p. Further, Dr. Kester and Dr. Underwood's opinions resulted in findings of non-disability, which indicates their opinions were not disabling. Dr. Kester and Dr. Underwood did not give any further explanation for their intended meaning of Plaintiff occasionally needing redirection/reminders. Given the lack of explanation to support the opinion, the ALJ reasonably found the opinions were vague and not disabling. *See* 20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

Second, the ALJ found Dr. Kester and Dr. Underwood's opinion that Plaintiff may lack motivation to concentrate, persist, or maintain pace for work-related activities was inconsistent with Plaintiff's activities of daily living. Tr. 23. Consistency with the other evidence is one of the most important factors in determining the persuasiveness of an opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ found the opinion was inconsistent with Plaintiff's ability to concentrate on video games and other activities he enjoys. Tr. 23. Further, the ALJ noted that while Plaintiff may not enjoy work-related activities as much as his hobbies, this does not suggest Plaintiff is incapable of concentrating on work activities. *Id.* While Plaintiff argues the opinions are consistent with other evidence in the record, ECF No. 19 at 6, Plaintiff does not present any

persuasive arguments as to how the State agency opinions were more restrictive

than the ALJ's RFC, and thus has not demonstrated any harmful error.  The ALJ

did not error in his consideration of the State agency opinions, and any error would

be harmless as the opinions were not disabling and Plaintiff has not demonstrated

that the ALJ rejected any portion of the opinions that would have impacted the

outcome.  *See Molina,* 674 F.3d at 1115.

    *2. Ms. Dowse*

    On June 8, 2017, Ms. Dowse, a treating counselor, rendered an opinion on

Plaintiff's functioning.  Tr. 381-83.  Ms. Dowse noted Plaintiff has been diagnosed

with schizoaffective disorder, and opined Plaintiff has moderate limitations in his

ability to maintain attention and concentration for extended periods, perform

activities within a schedule, maintain regular attendance, and be punctual within

customary tolerances, maintain an ordinary routine without special supervision,

and travel to unfamiliar places or use public transportation; marked limitations in

his ability to work in coordination with or proximity to others without being

distracted by them, interact appropriately with the general public, ask simple

questions or request assistance, get along with coworkers/peers without distracting

them or exhibiting behavioral extremes, be aware of normal hazards and take

appropriate precautions; and severe limitations in his ability to remember locations

and work-like procedures, understand/remember very short and simple instructions

ORDER - 15

and detailed instructions, carry out very short and simple instructions and detailed instructions, make simple work-related decisions, complete a normal workday/workweek without interruptions from psychologically-based symptoms and perform at a consistent pace without an unreasonable number/length of rest periods, accept instructions and respond appropriately to criticism from supervisors, maintain socially appropriate behavior and adhere to basic standards of cleanliness/neatness, respond appropriately to changes in the work setting, and set realistic goals or make plans independently of others.  Tr. 381-83.  Ms. Dowse further opined Plaintiff would be off-task over 30 percent of the time and would miss four or more days per month if he tried to work full-time, he has minimal capacity to adapt to changes, and regarding the "B criteria," he has moderate limitations in interacting with others, marked limitations in understanding, remembering or applying information, and extreme limitations in adapting or managing oneself.  Tr. 383.

The ALJ found Ms. Dowse's opinion was not persuasive.  Tr. 23.  As a non-acceptable medical source, the ALJ was required to consider evidence from Ms. Dowse.  *See* 20 C.F.R. §§ 404.1502c, 416.920c.

Plaintiff argues the ALJ did not give legally sufficient reasons to reject Ms. Dowse' opinion and cites to case law regarding treating physician opinions in support of his argument.  ECF No. 17 at 11.  However, under neither the new nor

1  the old regulations would Ms. Dowse be considered a treating physician and thus

2  the clear and convincing standard does not apply.

3        First, the ALJ found Ms. Dowse did not provide any significant support for

4  her opinion. Tr. 23. Supportability is one of the most important factors an ALJ

5  must consider when determining how persuasive a medical opinion is. 20 C.F.R.

6  §§ 404.1520c(b)(2), 416.920c(b)(2). When considering the supportability of an

7  opinion, the ALJ should consider the objective medical evidence and supporting

8  explanation presented by the source in support of her findings. 20 C.F.R. §§

9  404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). Ms. Dowse wrote that she has been

10  treating Plaintiff since 2015, he is diagnosed with schizoaffective disorder,

11  struggles with his activities of daily living, and is unable to comprehend tasks to

12  complete and meet his needs for basic safety and stability. Tr. 384. However, Ms.

13  Dowse did not cite to any objective evidence to support her opinion. Her treatment

14  records contain minimal objective evidence, and the mental status examinations in

15  her records are generally normal, as discussed *supra*.

16        Second, the ALJ found Ms. Dowse's opinion is inconsistent with the

17  medical evidence, including Ms. Dowse's own treatment notes. Tr. 23. How well

18  a provider's opinion is supported by the objective evidence is a relevant

19  consideration when determining the persuasiveness of an opinion. 20 C.F.R. §§

20  404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). The ALJ noted Ms. Dowse's records

ORDER - 17

1  largely reflect that Plaintiff's complaints of increased symptoms typically occurred

2  when he was not taking his medication or during situational stressors, and his

3  symptoms improved with medication.  Tr. 23.  The ALJ also found Plaintiff had

4  generally normal mental status examinations.  *Id.*  Plaintiff argues he had

5  continued symptoms even with medication and during periods he was not

6  experiencing situational stressors.  ECF No. 17 at 10-11.  Plaintiff had abnormal

7  hygiene during periods he was both on and off his medication, and during

8  situational stressors as well as periods he did not report any stressors.  Tr. 671, 674,

9  680, 686, 698, 746.  Plaintiff reported delusional beliefs about the government and

10  others wanting to lock him up, and reported difficulty controlling his anger, and

11  needing assistance with completing the process for his divorce and applying for

12  benefits  Tr. 671, 712, 751.  During periods when he was experiencing situational

13  stressors including his divorce, fights with girlfriends, and a domestic violence

14  incident, Plaintiff often reported increased symptoms.  Tr. 22 (citing Tr. 347).

15      Despite some abnormalities in the record, particularly during periods of

16  situational stressors, Plaintiff generally had normal mental status examinations and

17  had improvement with treatment.  In April to May 2016, Plaintiff reported that he

18  was doing well, and was appropriately dressed with clean clothes and had no body

19  odor, Tr. 688, 692, he reported caring for his sick child and working on his goals,

20  Tr. 690, and in September 2016, Plaintiff reported improvement with medication,

ORDER - 18

Tr. 21 (citing Tr. 367).  In 2017, Plaintiff reported improvement with medication, Tr. 21 (citing Tr. 358), and he had continued normal mental status examinations, Tr. 348, 357-59, 613.  In February 2018, Plaintiff reported he was happy he and his girlfriend were back together and he was in a more stable environment, and he was appropriately dressed and engaged well, though he had only fair hygiene.  Tr. 841. Plaintiff discontinued therapy for a period of time in 2018, and reported in August 2018 he had restarted therapy because "he needs therapy to continue process with Social Security," and he needed a form completed by his therapist.  Tr. 848.  At multiple appointments in 2018, Plaintiff reported doing well and donating plasma, and while he was unkempt with poor hygiene at some appointments, he had a clean and appropriate appearance at other appointments, and he had normal memory, behavior, mood/affect, and thought content.  Tr. 843, 845, 847, 850, 852, 858-59.

The ALJ's finding that Ms. Dowse's opinion was not well-supported by an explanation nor the records, and is inconsistent with the objective evidence, is supported by substantial evidence.

3.  *Mr. Aronsohn*

On April 11, 2018, Mr. Aronsohn, a treating physician's assistant, rendered an opinion on Plaintiff's functioning.  Tr. 767-68.  Mr. Aronsohn diagnosed Plaintiff with depression/anxiety, schizoaffective disorder, ADHD, and developmental delay.  Tr. 767.  He opined Plaintiff would miss four or more days

per month if he attempted to work full-time, due to difficulty with focus, concentration, irritability, and difficulty following commands. Tr. 768. The ALJ found Mr. Aronsohn's opinion was not persuasive. Tr. 24.

First, the ALJ found Mr. Aronsohn did not provide significant support for his opinion. Tr. 24. When considering the supportability of an opinion, the ALJ should consider the objective medical evidence and supporting explanation presented by the source in support of her findings. 20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). While Mr. Aronsohn stated Plaintiff has difficulty concentrating and following commands, and has irritability, he did not cite to any objective evidence to support his opinion. Tr. 767-68. Mr. Aronsohn described Plaintiff's symptoms as "depression, anxiety, mood disorder," but when asked to describe the "signs" of Plaintiff's conditions, such as clinical findings or test results, Mr. Aronsohn wrote "depression, anger, irritability." Tr. 767. Mr. Aronsohn stated Plaintiff's conditions are reasonably likely to cause pain, but when asked to explain the conditions that cause pain, Mr. Aronsohn did not fill in an explanation. *Id.* While Plaintiff argues Mr. Aronsohn's explanation for his opinion was sufficient support for the opinion, ECF No. 17 at 12, the ALJ reasonably found the explanation to be insufficient support.

Second, the ALJ found Mr. Aronsohn's opinion is inconsistent with the longitudinal record. Tr. 24. How well a provider's opinion is supported by the

ORDER - 20

1  objective evidence is a relevant consideration when determining the persuasiveness

2  of an opinion.  20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).  The ALJ

3  noted that while the medical records demonstrate Plaintiff has some problems in

4  the areas mentioned by Mr. Aronsohn, he generally interacted appropriately with

5  care providers, he had adequate attention during appointments, he had

6  improvement in his symptoms with treatment, and his symptoms generally

7  occurred in the context of situational stressors.  Tr. 24.  Further, the ALJ noted Mr.

8  Aronsohn opined Plaintiff's limitations had existed since childhood, however

9  Plaintiff was found to not be disabled through September 9, 2015 in an

10  administratively final decision and the records do not reflect a worsening in

11  symptoms since that time.  *Id.*  While Plaintiff argues the records support Mr.

12  Aronsohn's opinion and that he had ongoing abnormal findings in his records, ECF

13  No. 17 at 12, the cited records reflect some abnormalities such as Plaintiff being

14  talkative and unkempt, but also include Plaintiff reporting his mood disorder as

15  "stable," Tr. 350-52, he had a normal mental status examination besides an

16  abnormal appearance, Tr. 356, and again when he had unkempt clothing, he still

17  had an otherwise normal mental status examination, Tr. 368.  Plaintiff was angry

18  and used foul language at an appointment when he had stopped taking his

19  medication, and he reported he had been in an argument with his girlfriend because

20  he had recently been arrested.  Tr. 366.

ORDER - 21

The ALJ's finding that Mr. Aronsohn's opinion was not well-supported by an explanation nor the records, and is inconsistent with the longitudinal record, is supported by substantial evidence.

### 4. Dr. Genthe

On June 20, 2017, Dr. Genthe performed a psychological consultative examination and rendered an opinion on Plaintiff's functioning. Tr. 554-61. Dr. Genthe diagnosed Plaintiff with schizoaffective disorder, depressive type, and intermittent explosive disorder. Tr. 556. He opined Plaintiff has moderate limitations in his ability to understand, remember, and persist in tasks following detailed instructions, perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, learn new tasks, perform routine tasks without special supervision, be aware of normal hazards and take appropriate precautions, ask simple questions or request assistance; marked limitations in his ability to adapt to changes in a routine work setting, communicate and perform effectively in a work setting, and complete a normal workday/workweek without interruptions from psychologically-based symptoms; and opined Plaintiff had no to mild limitations in the other areas of functioning. Tr. 557. He opined Plaintiff overall had a marked severity rating, the limitations were expected to last 12 months, vocational training/services would minimize or eliminate the barriers to employment, but at the time of the opinion

1 Plaintiff was unlikely to function adequately in a work setting until his

2 psychological symptoms have been managed more effectively.  Tr. 557-58.  The

3 ALJ found Dr. Genthe's opinion was not persuasive.  Tr. 24.

4       First, the ALJ noted Dr. Genthe did not review any records prior to

5 rendering his opinion.  *Id.*  A medical source's familiarity with the other evidence

6 in the claim is a relevant consideration in determining the persuasiveness of an

7 opinion.  20 C.F.R. §§ 404.1520c(c)(5), 416.920c(c)(5).  As Dr. Genthe did not

8 review any records, Tr. 554, he did not have access to records demonstrating

9 Plaintiff's improvement with treatment, decreased symptoms during periods he

10 was not experiencing situational stressors, nor Plaintiff's generally normal mental

11 status examinations.  This was a specific and legitimate reason, supported by

12 substantial evidence, to reject Dr. Genthe's opinion.

13       Second, the ALJ found Dr. Genthe's opinion is not supported by his own

14 examination findings nor the record as a whole.  Tr. 24.  How well a provider's

15 opinion is supported by the objective evidence is a relevant consideration when

16 determining the persuasiveness of an opinion.  20 C.F.R. §§ 404.1520c(c)(1)-(2),

17 416.920c(c)(1)-(2).  During Dr. Genthe's examination, Plaintiff had normal

18 appearance, speech, attitude/behavior, thought content, orientation, and memory.

19 Tr. 559-60.  Plaintiff was able to spell "world" backward and forward, and knew

20 the current president, though he had some abnormalities on examination, including

ORDER - 23

1 not knowing the vice president nor number of weeks in a year, and he was

2 tangential with poor understanding of factors contributing to his illness. *Id.* While

3 Plaintiff had some abnormal results on examination, the ALJ reasonably found the

4 examination overall was not consistent with Dr. Genthe's disabling opinion,

5 particularly in light of the generally normal mental status examinations throughout

6 the record, as discussed *supra*. This was a specific and legitimate reason,

7 supported by substantial evidence, to reject Dr. Genthe's opinion. *See Lingenfelter*

8 *v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631

9 (9th Cir. 2007).

10 **B. Plaintiff's Symptom Claims**

11     Plaintiff faults the ALJ for failing to rely on reasons that were clear and

12 convincing in discrediting his symptom claims. ECF No. 17 at 16-19. An ALJ

13 engages in a two-step analysis to determine whether to discount a claimant's

14 testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2.

15 "First, the ALJ must determine whether there is objective medical evidence of an

16 underlying impairment which could reasonably be expected to produce the pain or

17 other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted).

18 "The claimant is not required to show that [the claimant's] impairment could

19 reasonably be expected to cause the severity of the symptom [the claimant] has

20

ORDER - 24

alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim*, 763 F.3d at 1163 (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has

received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§ 404.1529(c), 416.929(c).  The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence.  Tr. 20.

*1. Work History*

The ALJ found Plaintiff's symptom claims are inconsistent with his work history.  Tr. 20.  Evidence of a poor work history that suggests a claimant is not motivated to work is a permissible reason to discredit a claimant's testimony that she is unable to work.  *Thomas*, 278 F.3d at 959; SSR 96–7 (factors to consider in evaluating credibility include "prior work record and efforts to work"); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); 20 C.F.R. § 404.1529 (work record can be considered in assessing credibility); 20 C.F.R. § 416.929 (same). Additionally, Plaintiff's own perception of his ability to work is a proper

ORDER - 26

consideration in determining credibility.  *See* Cause No. 2:16-cv-00402-MKD,

*Barnes v. Comm'r of Soc. Sec.*, 2018 WL 545722 (E.D. Wash. Jan. 24, 2018)

("Evidence of Plaintiff's preparedness to return to work, even if an optimistic self-

assessment, is significant to the extent that the Plaintiff is willing and able to work,

as that belief indicates her allegation of symptoms precluding work are not

credible.").

The ALJ noted Plaintiff has minimal work history even prior to the alleged

onset date.  Tr. 22.  Plaintiff alleges disability beginning October 2015, but

Plaintiff has no earnings until 2011, and his earnings from 2011 through 2015

demonstrate that he has never sustained work at a substantial gainful activity level.

Tr. 237-38.  Plaintiff reported his last job ended because it was seasonal and due to

his conditions.  Tr. 249.  Plaintiff attributed his lack of employment to his

preference for spending his time smoking marijuana and playing video games.  Tr.

20.  Plaintiff reported he would like to work but he was "unwilling to stop smoking

weed to obtain employment."  Tr. 21 (citing Tr. 597).  Plaintiff reported working

on finding a job and regularly filling out job applications.  Tr. 21 (citing Tr. 702).

On this record, the ALJ reasonably concluded that Plaintiff's symptom

claims are inconsistent with his work history.  This finding is supported by

substantial evidence and was a clear and convincing reason to discount Plaintiff's

symptom complaints.

ORDER - 27

*2. Situational Stressors*

The ALJ found Plaintiff's symptom claims are largely in the context of situational stressors and not ongoing limitations.  Tr. 20.  If a claimant suffers from limitations that are transient and result from situational stressors, as opposed to resulting from a medical impairment, an ALJ may properly consider this fact in discounting Plaintiff's symptom claims.  *See Chesler v. Colvin*, 649 F. App'x 631, 632 (9th Cir. 2016) (symptom testimony properly rejected in part because "the record support[ed] the ALJ's conclusion that [plaintiff's] mental health symptoms were situational"); *but see Bryant v. Astrue*, No. C12-5040-RSM-JPD, 2012 WL 5293018, at *5–7 (W.D. Wash. Sept. 24, 2012) (concluding Plaintiff's stressors appeared to have a constant presence affecting ability to work on a continuing basis, rather than temporary exacerbation).

The ALJ noted Plaintiff's symptoms were largely reported as worsening in the context of situational stressors.  Tr. 20-21.  Plaintiff was angry and used foul language at an appointment after not taking his medication and getting in an argument with his girlfriend.  Tr. 21 (citing Tr. 364).  Plaintiff reported depression after being arrested.  Tr. 22 (citing Tr. 347).  In October 2017, Plaintiff complained of situational stressors.  Tr. 22 (citing Tr. 784).  Through 2017 and 2018, Plaintiff complained of stress related to his life circumstances such as his divorce and legal problems.  Tr. 22 (citing Tr. 826-33).  As discussed *infra*, Plaintiff demonstrated

ORDER - 28

improvement in his symptoms with treatment and during periods without

situational stressors.  On this record, the ALJ reasonably concluded that Plaintiff's

symptoms are largely due to situational stressors.  This finding is supported by

substantial evidence and was a clear and convincing reason to discount Plaintiff's

symptom complaints.

### 3.  Objective Evidence

The ALJ found Plaintiff's symptom claims are inconsistent with the

objective evidence.  Tr. 20-22.  An ALJ may not discredit a claimant's symptom

testimony and deny benefits solely because the degree of the symptoms alleged is

not supported by objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853,

857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991);

*Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400 F.3d

676, 680 (9th Cir. 2005).  However, the objective medical evidence is a relevant

factor, along with the medical source's information about the claimant's pain or

other symptoms, in determining the severity of a claimant's symptoms and their

disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2),

416.929(c)(2).

The ALJ noted that while Plaintiff has longstanding mental health

symptoms, the medical records do not demonstrate any twelve-month period of

disabling impairments.  Tr. 20.  Plaintiff had many normal mental status

ORDER - 29

examinations during the relevant period.  Tr. 23.  In October 2015, Plaintiff

complained of increasing depression and agitation but had a normal examination.

Tr. 20-21 (citing Tr. 378).  While Plaintiff reported struggling with self-care and

socializing, he also reported caring for his children, and continuing to engage in

sessions.  Tr. 21 (citing Tr. 667-82, 690, 712).  In August and September 2016,

Plaintiff continued to have normal mental status examinations.  Tr. 21 (citing Tr.

367, 372).  After a visit where Plaintiff was angry and had foul language after not

taking his medication and having an argument with his girl friend in October 2016,

Tr. 364, Plaintiff had improvement in November 2016, Tr. 361, and continued to

have generally normal examinations in 2017, Tr. 21-22 (citing Tr. 348, 358-59,

613, 785).  In 2018, Plaintiff was stable on medication, with generally normal

examinations, before he then failed to appear for his remaining appointments in

2018.  Tr. 22 (citing Tr. 769, 841, 865-78).

The ALJ also found Plaintiff had improvement with treatment.  Tr. 20.  The

effectiveness of treatment is a relevant factor in determining the severity of a

claimant's symptoms.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2011); *Warre*

*v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (determining

that conditions effectively controlled with medication are not disabling for

purposes of determining eligibility for benefits); *Tommasetti v. Astrue*, 533 F.3d

1035, 1040 (9th Cir. 2008) (recognizing that a favorable response to treatment can

ORDER - 30

undermine a claimant's complaints of debilitating pain or other severe limitations).

When Plaintiff ran out of medication, he reported increasing depression and

agitation, Tr. 20-21 (citing Tr. 370, 377), and reported improvement with

medication, Tr. 21 (citing Tr. 357-58, 361, 367, 684).  Plaintiff was noted as

making progress with treatment.  Tr. 21 (citing Tr. 587).  In January 2018, Plaintiff

reported improvement in his anger, Tr. 22 (citing Tr. 835), and in July 2018, he

reported he was stable on medication and denied any significant mood disruption,

Tr. 22 (citing Tr. 769).  While Plaintiff offers an alternative interpretation of the

evidence, ECF No. 17 at 18-19, the ALJ reasonably concluded that Plaintiff's

symptom claims are inconsistent with the objective evidence, including Plaintiff's

improvement with treatment.  This finding is supported by substantial evidence

and was a clear and convincing reason, along with the other reasons offered, to

discount Plaintiff's symptom complaints.

### 4. Activities of Daily Living

The ALJ found Plaintiff's symptom claims were inconsistent with his

activities of daily living.  Tr. 20-22.  The ALJ may consider a claimant's activities

that undermine reported symptoms.  *Rollins*, 261 F.3d at 857.  If a claimant can

spend a substantial part of the day engaged in pursuits involving the performance

of exertional or non-exertional functions, the ALJ may find these activities

inconsistent with the reported disabling symptoms.  *Fair*, 885 F.2d at 603; *Molina*,

674 F.3d at 1113.  "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment."  *Molina*, 674 F.3d at 1112-13.

Plaintiff reported spending his time smoking marijuana and playing video games.  Tr. 20.  When he took his medication, Plaintiff reported he bathed daily, Tr. 21 (citing Tr. 684), though he reported forgetting to shower and brush his teeth when he was distracted playing video games, Tr. 21 (citing Tr. 603).  Plaintiff also reported caring for three children, including caring for a child when they were sick. Tr. 21 (citing Tr. 690, 712).  Plaintiff reported drawing, making things, and playing videos were his hobbies.  Tr. 21 (citing Tr. 595).  On this record, the ALJ reasonably concluded that Plaintiff's symptom claims are inconsistent with his activities of daily living. This finding is supported by substantial evidence and was a clear and convincing reason to discount Plaintiff's symptom complaints.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

ORDER - 32

2. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED January 15, 2021.

<u>*s/Mary K. Dimke*</u>
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 33